IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JODI ROY F/K/A JODI MARTIN, | : | |
| Individually, | : | |
| And on behalf of All Others | : | |
| Similarly Situated, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | _____ |
| | : | |
| v. | : | |
| | : | |
| AEROGROUP RETAIL HOLDINGS, INC. | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Jodi Roy f/k/a Jodi Martin, on behalf of herself and all others similarly situated, brings this action under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, et. seq.], thereinafter "the Act," against Defendant Aerogroup Retail Holdings, Inc. ("Aerogroup") to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

## NATURE OF THE ACTION

1.

This is a collective action pursuant to 29 U.S.C. § 216(b) based on Defendant's willful violations of the overtime provisions of the Act, in which

1

Plaintiff, on behalf of herself and Similarly Situated Employees of Aerogroup, seeks to recover unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 207, 216 and 255(s).  In this pleading, the term "Similarly Situated Employees" includes all persons who were employed by Aerogroup as a Store Manager during the applicable statute of limitations period and who are owed overtime pay pursuant to the Fair Labor Standards Act.  Pursuant to Aerogroup's common policy, plan, practice, procedure, protocol, routine, and/or rule, Plaintiff and the Similarly Situated Employees were all required to work overtime hours, off-the-clock, and not paid for hours worked in excess of 40 hours per week.

2.

Plaintiff was, at all times material, employed by Defendant Aerogroup at its stores in Marietta, Cobb County, Georgia, including, but not limited to Aerogroup's Store Number 197121.

3.

Defendant Aerogroup, at all times relevant to the action, has been a business organized in the State of Delaware and registered as a foreign corporation in the State of Georgia, having a place of business and doing business at 40 Technology Parkway Southsuite 300, Gwinnett, Norcross, Georgia 30092.

4.

At all times relevant to the action, Aerogroup was the employer of Plaintiff and the Similarly Situated Employees, who were all employees as defined by Sections 203(a), (e) and (g) of the Act [29 U.S.C. § 203(a), (e) and (g)].

5.

At all times relevant to the action, Defendant employed Plaintiff and the Similarly Situated Employees in and about their place of business in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials within the meaning of Sections 3(b), (g), (i) and (j) of the Act [29 U.S.C. § 203 (b), (g), (i) and (j)].   Defendant's employees, including Plaintiff, regularly used the instrumentalities of interstate commerce in their work, such as regular and recurrent use of interstate telephone calls, facsimilies, mail and delivery services, and internet.

6.

At all times relevant to the action, Defendant had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

7.

By reason of the foregoing, Defendant has been, at all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and (s) of the Act [29 U.S.C. § 203 (r) and (s)].

JURISDICTION AND VENUE

8.

Jurisdiction of the action is conferred upon the Court by Section 16(b) of the Act [29 U.S.C. § 216(b)] and 28 U.S.C. Section 1337.

9.

Venue is proper in the Court because the unlawful employment practices complained of herein occurred in the judicial district and Defendant has a place of business within the judicial district. 28 U.S.C. § 1391.

FACTS

10.

During the period from June 30, 2014 to February 13, 2015, Defendant employed Plaintiff as a Store Manager.  Throughout her employment, Plaintiff was paid a salary, approximately $43,000 each year.

11.

While they were employed by Aerogroup, Plaintiff and the Similarly Situated Employees were not exempt from the provisions of the Act because, without limitation: (i) their primary duty was not management; and (ii) they did not customarily and regularly direct the work of two or more other employees.

12.

The services performed by Plaintiff and the Similarly Situated Employees were a necessary and integral part of and directly essential to Defendant's business.

13.

Plaintiff and the Similarly Situated Employees were required to perform both managerial and non-managerial duties without overtime compensation.

14.

Defendant has intentionally failed and/or refused to pay Plaintiff and the Similarly Situated Employees in accordance with the provisions of the FLSA.

15.

The systems, practices and duties of the Plaintiff and the Similarly Situated Employees have existed for at least three years throughout Defendant's business.

16.

For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with overtime compensation.  Despite this knowledge, Defendant has failed to pay its employees the mandatory overtime compensation to conform the duties of these employees to the requirements of the FLSA.

17.

Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them.  Plaintiff and the Similarly Situated Employees relied upon these misrepresentations by Defendant and were unable to determine the their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

18.

Plaintiff and the Similarly Situated Employees regularly worked more than 40 hours in each workweek in which they were employed by Defendant. Defendant knew that Plaintiff and the Similarly Situated Employees regularly worked more than 40 hours per workweek.

6

19.

Defendant paid Plaintiff and the Similarly Situated Employees their regular salary even when they worked over 40 hours in a workweek.  Defendant repeatedly violated Section 7 of the Act [29 U.S.C. § 207] by failing to compensate Plaintiff and the Similarly Situated Employees at a rate of at least one and one-half times the regular rate at which they were employed for every hour over 40 in a workweek.  Defendant owes Plaintiff and the Similarly Situated Employees time-and-half for every overtime hour they worked during their employment.

20.

Defendant Aerogroup knew or showed reckless disregard for whether its failure to pay Plaintiff and the Similarly Situated Employees overtime compensation was prohibited by the Act.  Defendant's violations of the Act were willful and subject to the three year statute of limitations.  29 U.S.C. § 255(a).

21.

Plaintiff and the Similarly Situated Employees were required by Defendant and did submit to Defendant's records of the number of hours they worked throughout her employment.

22.

Defendant has at all times pertinent hereto been required by Section 11 of the Act [29 U.S.C. § 211] and the regulations at 29 C.F.R. Part 516 to keep the following complete and accurate records with respect to Plaintiff and the Similarly Situated Employees: the hour and day the workweek begins; total hours worked each workday and each workweek; total weekly straight-time earnings; total overtime compensation; date of payment and pay period covered.

23.

All records concerning the number of hours worked by Plaintiff and the Similarly Situated Employees and the compensation they received in workweeks in which they worked overtime hours are in the possession and under the custody and control of the Defendant, and Plaintiff and the Similarly Situated Employees are unable to state at this time the exact amount owing to them.

24.

Plaintiff estimates that she worked a total of 458 overtime hours for which she was not properly compensated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.

In the count below, captioned as Violations of the Fair Labor Standards Act "the Count"), Plaintiff brings an action for a violation of the FLSA in a collective action pursuant to 29 U.S.C. §§ 207(a), 216(b) and 255(a) on behalf of all Similarly Situated Employees in Georgia on or after the date that is three years before the filing of the Complaint, and incorporates herein by reference the Consent that she filed with her original Complaint.

26.

Plaintiff and the Similarly Situated Employees:

(a)     worked for Aerogroup as Store Managers;

(b)     were employed by Aerogroup at various times during the applicable statute of limitations period to the present;

(c)     had work schedules and rates of pay that were controlled by Aerogroup; and

(d)     were paid less than the required overtime wages for work performed in excess of 40 hours per workweek.

27.

At all relevant times, Plaintiff and the Similarly Situated Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have all been subject to Aerogroup's common policy, plan, practice, procedure, protocol, routine, and/or rule, under which Aerogroup has (a) willfully failed and refused to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, and (b) willfully failed to keep records required by the FLSA.  The claims of Plaintiff stated herein are the same as those of the Similarly Situated Employees.

28.

The Count below is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The numerous Similarly Situated Employees who have been improperly compensated in violation of the FLSA would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.  For purpose of Notice and other purposes related to this action, the Similarly Situated Employees are known to Defendant; and their names and addresses are readily available through Defendant's records.  Adequate notice should be provided to the Similarly Situated Employees via first class mail.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

29.

Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 28 above, as if set forth fully.

30.

Defendant repeatedly and willfully employed Plaintiff and the Similarly Situated Employees in the aforesaid enterprise for workweeks longer than 40 hours and failed and refused to compensate them for their employment in excess of 40 hours per workweek at a rate of at least one and one-half times the regular rate at which they were employed, in violation of the requirements of Section 7(a) of the Act [29 U.S.C. § 207(a) and 255(a)].

31.

Defendant is liable to Plaintiff for all unpaid overtime compensation for which she should have been paid throughout her employment in the amount of approximately $10,516. Defendant further owes Plaintiff an additional equal amount of approximately $10,516 as liquidated damages. Plaintiff is also entitled to recover from Defendant her reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b).

32.

Defendant is liable to the Similarly Situated Employees for all unpaid overtime compensation for which they should have been paid throughout their employment in an amount to be determined at trial.  Defendant further owes the Similarly Situated Employees an additional equal amount as liquidated damages. The Similarly Situated Employees are also entitled to recover from Defendant their reasonable attorney's fees and costs of the action.  29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, individually and on behalf of the Similarly Situated Employees, pursuant to §216(b) of the FLSA, prays for the following relief:

1.      That at the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such notice, to all Defendant's employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. § 216(b).

2.     That Plaintiff and each of the Similarly Situated Employees who opt-into this action be awarded damages in the amount of his or her respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest;

3.     That Plaintiff and each of the Similarly Situated Employees who opt-into this action be awarded reasonable attorneys' fees, including the costs and expenses of this action; and

4.     That Plaintiff and each of the Similarly Situated Employees who opt-into this action have such other legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all triable issues.

The 19th day of August, 2015.

THE DOSS FIRM, LLC

/s/ Jason R. Doss_____
JASON R. DOSS
Georgia Bar Number 227117

/s/ Samuel T. Brannan
SAMUEL T. BRANNAN
Georgia Bar Number 076688

36 Trammell Street, Suite 101
Marietta, Georgia 30064
Telephone: (770) 578-1314
Facsimile:  (770) 578-1302
Email: jasondoss@dossfirm.com

ATTORNEYS   FOR   PLAINTIFF   JODI
ROY F/K/A JODI MARTIN

## **CONSENT BY PLAINTIFF**

I, Jodi Roy, hereby consent to being named as a party Plaintiff to this

Action.


/s/ Jodi Roy_____
Jodi Roy