IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JODI ROY F/K/A JODI MARTIN, Individually, And on behalf of All Others Similarly Situated,     Plaintiff, v. AEROGROUP RETAIL HOLDINGS, INC.     Defendant. | CIVIL ACTION NO. 1:15-cv-02941 |

## PLAINTIFFS' INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiffs' contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**DISCLOSURE**: Plaintiff Jodi Roy f/k/a Jodi Martin, on behalf of herself and all others similarly situated, brings this action under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, et. seq.], thereinafter "the Act," against Defendant Aerogroup Retail Holdings, Inc. ("Aerogroup") to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

1

Plaintiff and the Similarly Situated Employees:

(a) worked for Aerogroup as Store Managers;

(b) were employed by Aerogroup at various times during the applicable statute of limitations period to the present;

(c) had work schedules and rates of pay that were controlled by Aerogroup; and

(d) were paid less than the required overtime wages for work performed in excess of 40 hours per workweek.

Plaintiffs' list of legal issues to be tried include:

1. Whether Defendant is liable to Plaintiff and Similarly Situated Employees for all unpaid overtime compensation for which they should have been paid throughout their employment in an amount to be determined at trial.

2. Whether Defendant further owes the Plaintiff and Similarly Situated Employees an additional equal amount as liquidated damages. The Similarly Situated Employees are also entitled to recover from Defendant their reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b).

(2)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiffs contend are applicable to this action.

**DISCLOSURE**:

Plaintiff brings this legal action pursuant to the Fair Labor Standards Act, including but not limited to 29 USC. 27, 216 and 255(a).

(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**DISCLOSURE**:    See Attachment A.

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**DISCLOSURE**:    See Attachment B.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attached document list and descriptions to Initial Disclosures as Attachment C.)

**DISCLOSURE**:   See Attachment C.  All documents related to the issues of this case are in the possession, custody and/or control of Defendant SCANA.  With regard to documents and data in Plaintiffs' possession, custody or control, Plaintiffs will produce their customer bills and SCANA Terms and Conditions that are in their possession.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**DISCLOSURE**:   See Attachment D.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**DISCLOSURE**:   See Attachment E.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.

**DISCLOSURE**:   Not applicable.

Respectfully submitted this 23rd day of November, 2015.

/s/ Jason R, Doss_____
Jason R. Doss
The Doss Firm, LLC
36 Trammell Street, Suite 101
Marietta, Georgia 30064

Attorneys for Plaintiffs

# ATTACHMENT A

1.     Jodi Roy f/k/a Jodi Martin
       Plaintiff
       May be contacted through her counsel.

Subject matter of knowledge:

Plaintiff has knowledge regarding the allegations in the complaint.

2.     Stephanie Carswell
       District Manager
       Contact information in the possession of Defendant.

Subject matter of knowledge:

Ms. Carswell is believed the have knowledge regarding the hours worked by all employees in the district that Plaintiff used to be employed.

3.     All employees listed in Defendant's Initial Disclosures

Plaintiff reserves the right to supplement these disclosures.

## ATTACHMENT B

Plaintiff has not yet retained an expert witness in this case.

## ATTACHMENT C

Categories of documents to be disclosed include but are not limited to time records of Plaintiff; Clock In / Clock Out reports; Scheduling Your Potential scheduling documents; Emails between Plaintiff and employees of Defendant including but not limited to Stephanie Carswell; and Employee Handbook materials.

## ATTACHMENT D

In compliance with Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Plaintiffs disclose the following categories of damages claimed: (1) statutory damages pursuant to the Fair Labor Standards Act. Plaintiff, however, is unable to calculate the actual damages at this time because such calculations depend on, among other things, information contained in the possession, custody, or control of Defendants.  Plaintiffs propose to make these disclosures at the same time as their disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2).

## ATTACHMENT E

Not applicable.