# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JODI ROY F/K/A JODI MARTIN, ) <br> Individually, and on behalf of ) <br> All others similarly situated ) <br> ) <br>       **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **AEROGROUP RETAIL** ) <br> **HOLDINGS, INC.** ) <br> ) <br>       **Defendant.** ) | **Civil Action File No.** <br> **1:15-cv-02941-RWS** |

## DEFENDANT AEROGROUP RETAIL HOLDINGS, INC.'S INITIAL DISCLOSURES

Pursuant to LR 26.1, NDGa. and Federal Rule of Civil Procedure 26(a)(1), Defendant Aerogroup Retail Holdings, Inc. ("Aeroroup"), provides the following Initial Disclosures:

**DISCLOSURE NO. 1:** If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**ANSWER**:

    The Defendant is properly identified.

**DISCLOSURE NO. 2:** Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.

**ANSWER**:

Defendant does not contend there are any other necessary parties.

**DISCLOSURE NO. 3:** Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.

**ANSWER**:

Plaintiff and the putative class member Store Managers perform job duties that qualify them for the Fair Labor Standards Act's ("FLSA's") Executive Exemption, 29 U.S.C. § 213(a)(1) and alternatively, the FLSA Administrative Exemption. Accordingly, they are not entitled to overtime under the FLSA.

Store Managers are compensated on a salary basis at a rate of greater than $455 per week. Store Managers' primary duty is managing Aerogroup's retail stores. These management duties are non-manual that are directly related to Aerogroup's management and general business operations. These management duties include the exercise of discretion and independent judgment with respect to

matters of significance. Store Managers customarily and regularly direct the work of at least two or more other full-time employees or their equivalent. Store Managers have the authority to hire or fire subordinate employees. Store Managers are the highest level of management working in their stores and are not subject to supervision on a day-to-day basis.

**DISCLOSURE NO. 4:** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.

**ANSWER**:

*See* 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.100-541.106. *See, e.g. Calvo v. B & R Supermarket, Inc.*, 63 F. Supp. 3d 1369 (S.D. Fla. 2014); *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287 (S.D. Fla. 2006); *Diaz v. Team Oney, Inc.*, 2008 U.S. Dist. LEXIS 124312 (S.D. Fla. Apr. 29, 2008); *Severin v. Pasha's Restaurants, Inc.*, 2007 U.S. Dist. LEXIS 24834 (S.D. Fla. Mar. 21, 2007); *Jones v. Virginia Oil Co.*, 69 Fed. App'x 633 (4th Cir. 2003); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104 (9th Cir. 2001); *Kastor v. Sam's Wholesale Club*, 131 F. Supp. 2d 862, 865-67 (N.D. Tex. 2001).

Defendant intends to rely upon the established body of case law interpreting the procedural and substantive requirements of the FLSA and in particular, the

Executive and Administrative Exemptions, 29 U.S.C. § 213(a)(1). Discovery in this matter may provide additional legal bases upon which to assert applicable defenses. Defendant reserves the right to supplement this disclosure as necessary or otherwise put Plaintiff on notice of the additional legal bases upon which it asserts applicable defenses via deposition testimony, discovery responses, or other means.

**DISCLOSURE NO. 5:** Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**ANSWER**:

See Exhibit A. Discovery may lead to the identification of additional individuals in possession of discoverable information. Defendant reserves the right to supplement this disclosure as necessary or otherwise put Plaintiff on notice of such individuals via deposition testimony, discovery responses, or other means.

**DISCLOSURE NO. 6:** Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in FED. R. CIV. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**ANSWER**:

At this time, Defendant has not designated an expert witness, but reserves the right to do so at a later time.

**DISCLOSURE NO. 7:** Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**ANSWER**:

*See* Exhibit B. Discovery may lead to the identification of additional documents responsive to Disclosure No. 7. Defendant reserves the right to supplement this disclosure as necessary or otherwise put Plaintiff on notice of any such documents via discovery responses, deposition testimony or other means.

**DISCLOSURE NO. 8:** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.

**ANSWER**:

Though Defendant is not seeking specified damages at this time, it anticipates seeking its costs and attorney's fees as the case progresses.

**DISCLOSURE NO. 9:** If Defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**ANSWER:**

Defendant contends that neither it nor any other person or entity is liable to Plaintiff in this action.

**DISCLOSURE NO. 10:** Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**ANSWER:**

There is no applicable insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

Respectfully submitted this 23rd day of November, 2015.

>*/s/ Eric Magnus*
>Eric R. Magnus
>Georgia Bar No.: 801405
>Justin R. Barnes
>Georgia Bar No. 105220
>JACKSON LEWIS P.C.
>1155 Peachtree Street, NE
>Suite 1000
>Atlanta, Georgia 30309
>T:  404-525-8200
>F:  404-525-1173
>Email: magnuse@jacksonlewis.com
>          barnesjr@jacksonlewis.com
>
>Attorneys for Defendant
>Aerogroup Retail Holdings, Inc.

## **CERTIFICATION**

I, Eric R. Magnus, do hereby certify that this document has been prepared in Times New Roman font, 14 point, in compliance with LR 5.1C of this Court.

>/s/Eric Magnus
>Georgia Bar Number 801405
>Attorney for Defendant

# IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JODI ROY F/K/A JODI MARTIN, )<br>Individually, and on behalf of )<br>All others similarly situated )<br>)<br>        **Plaintiff,** )<br>)<br>v. )<br>)<br>**AEROGROUP RETAIL** )<br>**HOLDINGS, INC.** )<br>)<br>        **Defendant.** ) | **Civil Action File No.**<br>**1:15-cv-02941-RWS** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2015 a copy of the foregoing **DEFENDANT AEROGROUP RETAIL HOLDINGS, INC.'S INITIAL DISCLOSURES** was filed with the Clerk of the Court via the Case Management/Electronic Court Filing system which will automatically send an email notification of such filing to the following counsel of record:

Jason R. Doss
Samuel T. Brannan
THE DOSS FIRM, LLC
36 Tramell Street, Suite 101
Marietta, Georgia 30064

J. Allen Schreiber
Burke Harvey, LLC

3535 Grandview Parkway
Birmingham, AL 35243

*/s/Eric Magnus*
Georgia Bar Number 801405

## EXHIBIT A

The following is a list of persons likely to have discoverable information Defendant may use to support its defenses in this case and the subjects of such information:

1. Abbey Adler. Ms. Adler is a current Assistant Manager at Aerogroup's Avenue at East Cobb store. As a subordinate employee of Plaintiff's, Ms. Adler has knowledge of Plaintiff's hours of work, work habits and performance as Store Manager. Ms. Adler's most recent contact information provided to Aerogroup is 3085 Glen Knolls Ct., Alpharetta, Georgia 30022, 702-496-4698.

2. Kim Allen. Ms. Allen is the current Store Manager of Aerogroup's store located at the Mall at Millenia in Orlando, Florida. Ms. Allen has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Allen can be contacted through counsel.

3. Demetria Barber. Ms. Barber is the current Store Manager of Aerogroup's store located in Times Square, New York, New York. Ms. Barber has

knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Barber can be contacted through counsel.

4. Flor Carral. Ms. Carral is the current Store Manager of Aerogroup's store located at the Orlando Premium Outlets in Orlando, Florida. Ms. Carral has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Carral can be contacted through counsel.

5. Stephanie Carswell. Ms. Carswell is the Current District Manager over Aerogroup's Avenue at East Cobb store. Ms. Carswell has knowledge of Store Manager compensation, duties, the effect those duties have on Aerogroup's management and general business operations, the decisions made by Store Managers, Store Managers' direction of subordinate employees and Store Manager's hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Carswell can be contacted through counsel.

6. Regina Michelle Carter. Ms. Carter is the current Store Manager of Aerogroup's store located at the North Georgia Premium Outlets in Dawsonville, Georgia. Ms. Carter has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. Ms. Carter also has knowledge of Plaintiff's hours of work, work habits and performance as Store Manager. As a Managing Agent of Aerogroup, Ms. Carter can be contacted through counsel.

7. Karen Casole. Ms. Casole is the current Store Manager of Aerogroup's store located at the Mall of Georgia in Buford, Georgia. Ms. Casole has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Casole can be contacted through counsel.

8. Colton Combs. Mr. Combs is a former Third Keyholder at Aerogroup's Avenue at East Cobb store. As a subordinate employee of Plaintiff's, Mr. Combs has knowledge of Plaintiff's hours of work, work habits and

performance as Store Manager. Mr. Combs' most recent contact information provided to Aerogroup is 1234 Colony Terrace, Marietta, Georgia 30068, 678-770-1256.

9. Sansha Deroux. Ms. Deroux is the current Store Manager of Aerogroup's store located at the Florida Mall Store in Orlando, Florida. Ms. Deroux has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Deroux can be contacted through counsel.

10. Luke Elmore. Mr. Elmore is the current Store Manager of Aerogroup's store located on 125th Street in Harlem, New York, New York. Mr. Elmore has knowledge of his compensation, his duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions he makes as Store Manager, his direction of subordinate employees and his hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Mr. Elmore can be contacted through counsel.

11. Diana Gomez. Ms. Gomez is the current Store Manager of Aerogroup's store located at the Bay Terrace Shopping Center in Queens, New

York.  Ms. Gomez has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees.  As a Managing Agent of Aerogroup, Ms. Gomez can be contacted through counsel.

12. Katherine Hunton.  Ms. Hunton is the current Store Manager of Aerogroup's store located at the Woodfield Mall in Schaumburg, Illinois.  Ms. Hunton has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees.  As a Managing Agent of Aerogroup, Ms. Hunton can be contacted through counsel.

13. Willis Kelley.  Mr. Kelley is the current Store Manager of Aerogroup's store located at the Avenue at East Cobb in Marietta, Georgia.  Mr. Kelley has knowledge of his compensation, his duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions he makes as Store Manager, his direction of subordinate employees and his hiring and firing of subordinate employees.  As a Managing Agent of Aerogroup, Mr. Kelley can be contacted through counsel.

14. Ty Kushi. Ms. Kushi is the current Store Manager of Aerogroup's store located on 34th Street in New York, New York. Ms. Kushi has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Kushi can be contacted through counsel.

15. Alexandra Lau. Ms. Lau is the current Store Manager of Aerogroup's store located at The Fashion Outlets of Chicago in Chicago, Illinois. Ms. Lau has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Lau can be contacted through counsel.

16. Jodi Martin. Ms. Martin presumably has knowledge of her claims against, and employment with, Aerogroup, including but not limited to her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring

and firing of subordinate employees. As a Plaintiff, Ms. Martin can be reached through her counsel.

17. Loretta Mohammed. Ms. Mohammed is the current Store Manager of Aerogroup's store located at Times Square in New York, New York. Ms. Mohammed has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Mohammed can be contacted through counsel.

18. Mike Muroff. Mr. Muroff is the current Store Manager of Aerogroup's store located at the Roosevelt Field Mall in Garden City, New York. Mr. Muroff has knowledge of his compensation, his duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions he makes as Store Manager, his direction of subordinate employees and his hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Mr. Muroff can be contacted through counsel.

19. Danielle Palmore. Ms. Palmore is a current Keyholder and Sales Associate at Aerogroup's Avenue at East Cobb store. As a subordinate employee of Plaintiff's, Ms. Adler has knowledge of Plaintiff's hours of work, work habits

and performance as Store Manager. Aerogroup is not in possession of any contact information for Ms. Palmore.

20. Noel E. Rivera. Ms. Rivera is a former Assistant Manager at Aerogroup's Avenue at East Cobb store. As a subordinate employee of Plaintiff's, Ms. Rivera has knowledge of Plaintiff's hours of work, work habits and performance as Store Manager. Ms. Rivera's most recent contact information provided to Aerogroup is 855 Louisiana Ave., Brooklyn, New York 11239, 347-458-5314.

21. Melanie Schulz. Ms. Schulz is the current Store Manager of Aerogroup's store located at the Chicago Premium Outlets in Chicago, Illinois. Ms. Schulz has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Schulz can be contacted through counsel.

22. Jo Skibinksi. Ms. Skibinksi is the current Store Manager of Aerogroup's store located at the Palmer House Hilton in Chicago, Illinois. Ms. Skibinksi has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business

operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Skibinksi can be contacted through counsel.

23. Delilah Tejeda. Ms. Tejada is the current Store Manager of Aerogroup's store located at 75th St. and Columbus Ave. in New York, New York. Ms. Tejada has knowledge of her compensation, her duties as Store Manager, the effect those duties have on Aerogroup's management and general business operations, the decisions she makes as Store Manager, her direction of subordinate employees and her hiring and firing of subordinate employees. As a Managing Agent of Aerogroup, Ms. Tejeda can be contacted through counsel.

24. Other individuals identified by Plaintiff in her Initial Disclosures.

25. Other individuals identified by the Parties during discovery.

Defendant reserves the right to identify additional witnesses to Plaintiff via deposition testimony, discovery responses or other means.

# EXHIBIT B

Job Description for the Store Manager position

Personnel files of Plaintiff and Opt-ins

Declarations of Store Managers and employees with personal knowledge of Plaintiff's employment with Aerogroup

Pay records of Plaintiff and Opt-ins

Clock in and clock out records for Plaintiff, Opt-ins and subordinate positions to Store Manager

Aerogroup Employee Handbooks

Other Aerogroup policies and procedures

Email communications regarding Plaintiff's work performance

Defendant reserves the right to identify additional documents to Plaintiff via deposition testimony, discovery responses or other means.

4845-5314-4107, v. 1