# IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JODI ROY F/K/A JODI MARTIN,** | ) | |
| **Individually, and on behalf of** | ) | |
| **All others similarly situated** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | **1:15-cv-02941-RWS** |
| | ) | |
| **AEROGROUP RETAIL** | ) | |
| **HOLDINGS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between the following parties: (1) Jodi Roy f/k/a Jodi Martin, as well as her heirs, executors, administrators, successors, and assigns, both individually and on behalf of all Opt In Plaintiffs who return claim/consent forms as set forth herein and their heirs, executors, administrators, successors, and assigns (collectively referred to as "Plaintiffs"); and (2) Aerogroup Retail Holdings, Inc. ("Defendant"). The parties hereto agree to the following:

      1.   **Effective Date:** "Settlement Effective Date" is defined as the later of: (1) the date when the time for appeal of the final judgment dismissing the Litigation with prejudice has expired; or (2) the date of the final resolution of any appeal or other judicial review of the Settlement Agreement if an appeal has been filed and not dismissed.

      2.   **Consideration.** In consideration for signing this Settlement Agreement and Release, and complying with its terms:

      a.   Subject to Court approval, Defendant agrees to pay to Plaintiffs and their counsel the total sum of Three Hundred Ninety Thousand Dollars and No Cents ($390,000.00), to be apportioned as follows:

      (1) Subject to Court approval, Defendant will collectively pay Plaintiffs up to $290,000.00 (the "Settlement Fund"), to be paid as follows:

      a.  Half of the foregoing amount will represent back wages and half will represent liquidated damages, penalties, and other consideration. Required federal and state income and employment taxes shall be withheld from the wages portions of

Page 1 of 9

the payments, but no deductions will be made from the non-wages portions of the payments. Defendant will issue to Plaintiffs Form W-2s for the back wages portions of the payments and Form 1099s for the non-wages portions of the payments. Defendant shall pay the employer's share of all required payroll taxes on the foregoing payments.

b. It is expressly understood and agreed that the receipt of any payment under this Settlement Agreement will not entitle any Plaintiff to additional compensation or benefits from Defendant.

c. Each Plaintiff's pro rata share of the Settlement Fund was calculated based on the overtime hours they reported working. Each Plaintiff's share is listed on the Payment Schedule attached hereto as Exhibit A. The payments shall be made in accordance with the schedule set forth in Section 3 below.

d. All checks for settlement payments shall remain valid and negotiable for 180 days from the date of their issuance and shall thereafter automatically be cancelled if not cashed by the eligible Plaintiff within that time. Each Plaintiff has no right to or interest in any settlement payment unless and until each Plaintiff cashes his or her check.

(2) Subject to Court approval, Plaintiff Roy shall individually receive a service award of $10,000.00 in recognition for her service as Class Representative and as consideration for her general release of claims. Defendant agrees not to oppose any request made by Plaintiff Roy to the Court for the above service award. This payment shall be made within thirty (30) days from the date that the Court issues an Order approving this settlement. With respect to any service award approved by the Court, Defendant will issue a Form 1099 to Roy and no deductions will be made from this payment.

(3) Subject to Court approval, Defendant will pay Plaintiffs' counsel $90,000.00 in attorney's fees and expenses, for which Defendant will issue an IRS Form 1099 to Plaintiffs' counsel. Defendant agrees not to oppose any request made by Plaintiff Roy to the Court for the above amount in attorney's fees and expenses. Plaintiffs' Counsel shall not be entitled to any additional attorney's fees and expenses in connection with this Litigation in excess of what is approved by the Court in connection with this Settlement Agreement. If the Court refuses to approve Plaintiff's counsel's attorney's fees as stated herein, and Plaintiff's counsel must take any additional action to obtain approval,

such as filing a fee petition with the Court, Defendant agrees not to oppose any such action as long as Plaintiff's counsel requests no more than $90,000.00 in attorney's fees and costs in such petition. This payment shall be made within thirty (30) days from the date that the Court issues an Order approving this settlement.

(4) Defendant shall have the option of selecting a third party administrator to manage and administer the settlement. If Defendant elects to retain an administrator, Defendant will pay all fees properly charged by said administrator. Alternatively, Defendant can self-administer the settlement.

b.      Plaintiff and Defendant agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Northern District of Georgia in conjunction with the case captioned <u>Roy v. Aerogroup Retail Holdings, Inc.</u>, Case No. 1:15-cv-02941-RWS (N.D. Ga.) (the "Litigation"). Plaintiff also agrees to take all action necessary to have the claims in the Litigation dismissed with prejudice.

c.      Defendant shall pay all costs of mediation invoiced by Mediator Lee Parks.

3.      **Notice to Potential Plaintiffs.** The parties shall jointly move the Court to approve the terms of this settlement. Notice (which is subject to court approval) shall be sent to all potential Opt In Plaintiffs (listed on Exhibit A attached hereto) informing them of this lawsuit and the settlement. The notice shall be sent within 30 days of court approval. The notice shall contain clear language stating that there shall be no retaliation against a putative Plaintiff based on their decision to participate in the case and accept the Settlement Amount allocated to them. The potential Opt In Plaintiffs will have 60 days from mailing to return their consent/claim forms. In addition, a thirty (30) day reminder letter will be sent to those Plaintiffs who have not responded. Only those potential Opt In Plaintiffs who return a consent/claim form will be entitled to or have any interest in their pro rata share of the Settlement Fund. Defendant is only obligated to pay the portion of the Settlement Fund which is claimed by the Opt In Plaintiffs. Any amount of the Settlement Fund not claimed by the Opt In Plaintiffs shall remain in Defendant's possession. Defendant will pay each Plaintiff's pro rata share of the Settlement Fund within thirty (30) days after the later of (1) the close of the Opt In Period; or (2) the Settlement Effective Date.

4.      **Release of Wage Claims**

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, Plaintiff and any individual who returns a consent/claim form releases and forever discharges (i) Defendant; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendant; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or

employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation, whether known or unknown, through the date of this Settlement Agreement and Release, limited to wage claims under federal, state, or local law for hours worked, including but not limited to such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked.

5.     **General Release by Plaintiff Roy**

As additional consideration for the $10,000.00 service award to Plaintiff Roy, she knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims, known and unknown, asserted or unasserted, which she has or may have against Releasees as of the date of execution of this Settlement Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Fair Labor Standards Act;

- The Genetic Information Nondiscrimination Act of 2008;

- Georgia AIDS Confidentiality Act – O.C.G.A. §24-9-47;

- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A.

§34-5-1 et seq.;

- Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in any matter.

Roy is not waiving any rights she may have to: (a) her own vested accrued employee benefits under any health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; (d) enforce this Settlement Agreement; and/or (e) challenge the validity of this Settlement Agreement.

Nothing in this Agreement prohibits or prevents Roy from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Roy's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Roy agrees that if such an administrative claim is made, Roy shall not be entitled to recover any individual monetary relief or other individual remedies.

6.    **Acknowledgments and Affirmations.**

By executing the consent/claim forms, each Plaintiff affirms that he or she has not filed, caused to be filed, or presently is a party to any claim against any Defendant, except those in the Litigation.

7.    **Governing Law and Interpretation.**   This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of Georgia.  In the event of a breach of any provision of this Settlement Agreement and Release, either party may institute

Page 5 of 9

an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach.  This agreement is not severable.

8.  **Nonadmission of Wrongdoing.**  The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendant expressly denies any wrongdoing whatsoever in connection with the allegations in the Lawsuit.

9.  **Amendment**.  This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by all Parties.

10.  **Entire Agreement.**  This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

11.  **Counterparts.**  This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

12.  **Invalid Without Court Approval.**  This Settlement Agreement and Release is subject to approval by the United States District Court for the Northern District of Georgia in the Litigation.  In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation.  In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release.

13.  **No Signature Required By Opt In Plaintiffs**.  Because the Opt In Plaintiffs are so numerous, and because this Settlement Agreement and Release must be approved by the Court, it is impossible or impractical to have each Opt In Plaintiff execute this Agreement.  To confirm their agreement to the terms of this Settlement Agreement and Release, the following language (or something to the same effect) will be included on the consent/claim forms sent to the potential Opt In Plaintiffs: "My execution of this form confirms my agreement to all terms of the Settlement Agreement approved in Roy v. Aerogroup Retail Holdings, Inc."

14.  **Retention of Jurisdiction**.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement

and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFF IS ADVISED THAT SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**AEROGROUP RETAIL HOLDINGS, INC.:**

By: _____     Date: 6/30/2016

**JODI ROY F/K/A JODI MARTIN (on behalf of herself and all Opt In Plaintiffs):**

By: _____     Date: 06/28/2016

**PLAINTIFFS' COUNSEL (on behalf of all Plaintiffs):**

By: _____     Date: 6/28/2016

Page 7 of 9

**EXHIBIT A**
**PLAINTIFFS' POTENTIAL SETTLEMENT SHARES**

| LAST NAME | FIRST NAME | AMOUNT |
|---|---|---|
| BARBOUR | ANESIA | $479.10 |
| BEGAM | AYESHA | $2,765.82 |
| BERGE | JOELYNN | $1,116.57 |
| BORDEAU O'SULLIVAN | MEGAN | $4,892.20 |
| CANZANO | GAETANO | $6,564.78 |
| CARTER | REGINA | $14,083.18 |
| CASOLE | KAREN | $11,681.18 |
| CASTILLO | VICTOR | $4,389.62 |
| COLE | KRISTINA | $9,486.80 |
| COLLIER | SUSAN | $1,302.77 |
| CRAWFORD | RENEE | $9,151.64 |
| D'AQUILA | DONNA | $8,663.87 |
| DEROUX | SANSHA | $12,494.28 |
| EGGLES | KRISTA | $6,712.58 |
| ELKASHIF | SAMAR | $954.47 |
| FINN | KIMBERLY | $6,315.40 |
| GALINDO HOENTSCH | MARCIA | $13,071.51 |
| GEHL | JENNIFER | $650.04 |
| GESHRICK | MICHELLE | $8.57 |
| GREKLEK | DANIELLE | $1,211.97 |
| GRENHAM | VICTORIA | $4,544.14 |
| HILTON | MARSHA | $14,053.25 |
| HINKLEY | ELIZABETH | $3,258.09 |
| HUGHES | BRANDON | $1,427.92 |
| JONES | HOPE | $129.00 |
| KAUFFMAN | MARQUETTA | $5,626.68 |
| KELLEY | WILLIS | $740.99 |
| KELLEY | MARYON | $1,744.91 |
| KHANNA | ARTEE | $2,524.70 |
| KIRIN | RACHEL | $1,107.16 |
| MARCELLINO | CHRISSY | $5,328.16 |
| MARTIN | DELLA | $2,904.40 |
| MARTIN | JODI | $2,054.19 |
| MAURER | JANIS | $4,846.60 |

| | | |
|---|---|---|
| MILLER | STEVEN | $5,662.60 |
| MORRIS | SERRIA | $3,741.54 |
| MUNCY | SARA | $9,396.87 |
| NIEDERSCHUH | DAYNA | $15,500.27 |
| PIMENTEL | ASHLEY | $175.81 |
| QUESENBERRY | REBEKAH | $10,514.35 |
| RADSEK | KATHERINE | $20,349.49 |
| ROBERTS | MICHAEL | $8,318.69 |
| SAMUEL | ALICIA | $6,093.91 |
| SAN MIGUEL | VERONICA | $5,170.92 |
| SCHULZ | MELANIE | $14,785.89 |
| SWANK | RICHARD | $1,871.27 |
| WALTON | TANISHA | $5,581.28 |
| WEAVER | COURTNEY | $3,536.61 |
| WEISER | ELIZABETH | $3,973.16 |
| WILLIAMS | SHANTEL | $1,244.03 |
| WILLIAMS | COLETTE | $1,086.79 |
| WILLOUGHBY | TAMMIE | $1,008.27 |
| WOLFE | NAOMI | $1,057.04 |
| YARBOROUGH | EDWIN | $4,089.21 |
| ZANIO | SARA | $555.46 |
| **TOTAL** | | **$290,000.00** |